## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Eugene White Owl, Sr., | ) | Case No. 1:20-cr-058 |
| | ) | |
| Defendant. | ) | |

Defendant is charged in an Indictment with three offenses: (1) abusive sexual contact with a minor in violation of 18 U.S.C. § 2244(b); abusive sexual contact in violation of 18 U.S.C. § 2244(b); and felony sexual abuse of a minor by a registered sex offender in violation of 18 U.S.C. 2260A. (Doc. No. 1). The court held a detention hearing for defendant on March 20, 2020. (Doc. No. 18). Finding that the United States had proven by clear and convincing evidence there were no conditions it could impose to reasonably ensure the community's safety, the court ordered defendant detained. (Doc. No. 20). The court took particular note of the nature of the alleged offenses, the apparent strength of the evidence against defendant, and defendant's criminal history. (Id.).

Defendant is currently being housed by the United States Marshal at the Ward County Jail. On May 6, 2020, he filed a Motion to Reconsider Order of Detention. (Doc. No. 30). He requests to be conditionally released to the residence and of a co-worker/friend in the New Town area. As justification for his release, he cites his age, his health in general and his arthritic hip in particular, and his risk of exposure to COVID-19 due to his inability to effectively socially distance while in custody.

Other courts around the country have addressed similar motions in light of the COVID-9

pandemic. The court has reviewed a number of those decisions and finds United States v. Clark, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020), particularly instructive. There, the court addressed a motion for temporary release from pretrial detention under 18 U.S.C. § 3142(i). Section 3142(i) allows temporary release from pretrial detention if necessary for preparation of a person's defense or "for another compelling reason."

One seeking release pursuant to § 3142(I) bears the burden to show a compelling reason for release. See United States v. Lunnie, No. 4:19-cr-00180 KGB, 2020 WL 1644495, at *1 (E.D. Ark. Apr. 2, 2020); United States v. Buswell, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013); United States v. Birbragher, No. 07-CR-1023-LRR, 2008 WL 2246913, at *1-2 (N.D. Iowa May 29, 2008). Defendant has not met this burden; his generalized concern regarding COVID-19 and his health do not constitute compelling reasons justifying his conditional release at this time.

The original grounds for defendant's detention weigh against release. As noted above, the evidence against defendant appears to be strong. There is also the matter of defendant's criminal history, which includes convictions for offenses similar to the ones with which he is now charged.

Defendant's COVID-19 concerns are general and speculative. Aside from his arthritic hip, defendant does not describe his health issues with particularity let alone assert these issues place him at higher risk of becoming seriously ill from COVID-19. Rather, his primary focus is on difficulties with social distancing in a jail setting. While detainees may not be able to fully adhere to optimal social distancing guidelines, these circumstances are generalized to all individuals at the jail and are not unique to defendant. Moreover, defendant does not cite any known cases of COVID-19 at the jail or otherwise assert that the jail is neglecting to implement safeguards or take reasonable, recommended precautions to mitigate the spread of COVID-19.

Defendant has presented nothing to suggest that the jail and by extension the United States Marshal is currently unable to attend to his medical needs or would be unable to provide him with appropriate medical treatment should he fall ill.  Thus, the mere possibility that he may experience negative outcomes at some point during detention does not rise to the level of justifying temporary release based on COVID-19 concerns.

In sum, the court finds that the circumstances do not warrant reconsideration of defendant's custodial status.  Defendant's motion (Doc. No. 30) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2020.

*/s/ Clare. R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court